AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Jason Cunningham<br><br>*Defendant(s)* | Case No. 2:20-mj-314 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 8, 2020__ in the county of __Athens__ in the
__Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §641 | Theft of Government property |

This criminal complaint is based on these facts:
See attached affidavit, incorporated by reference herein.

☑ Continued on the attached sheet.

/s/ Ivan R. Casilli
*Complainant's signature*

Ivan R. Casilli, Special Agent U.S. Forest Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/29/2020

*Judge's signature*

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers, U.S. Mag. Judge
*Printed name and title*

MJH

## Affidavit in Support of a Criminal Complaint and Arrest Warrant

I, Ivan R. Casilli, a Special Agent (SA) of the United States Forest Service, Law Enforcement and Investigations, depose and state:

## Introduction and Agent Background

1.  I make this affidavit in support of an application for a criminal complaint and arrest warrant under Rule 41 of the Federal Rules of Criminal Procedure, charging Jason Cunningham (Cunningham) with knowingly and willfully violating 18 U.S.C. §641 (Theft or Conversion of Public Money, Property or Records).

2.  I have been a Federal Law Enforcement Officer for almost 19 years. Currently I'm a Special Agent with the Forest Service (FS) investigating crimes and violations that occur on or affect the National Forests. Prior to the FS, I was a Special Agent for the Department of the Treasury Office of Inspector General for approximately five years, a Drug Enforcement Administration (DEA) Agent for approximately five years, a Secret Service Agent for two years and a Border Patrol Agent for two years. During this time, I've conducted many investigations and made many arrests and executed many search and arrest warrants for various crimes. I am also a Certified Fraud Examiner (CFE).

3.  I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because

1

this affidavit is being submitted for the limited purpose of a criminal complaint and arrest warrant, it does not include all the facts that I have learned during the course of this investigation, only facts necessary to establish probable cause.

4. Based on my training, experience, and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §641 (Theft or Conversion of Public Money, Property or Records), have been committed by Cunningham and others known and unknown to the government,

**Probable Cause for Arrest Warrant**

5. On April 8, 2020, at approximately 12:35AM, two sections of a fence that surrounds a parking and storage area at the Wayne National Forest Headquarters, in Nelsonville, OH, were cut, allowing access to where the FS parks vehicles, trailers, and other government property. Three FS vehicles (number 9475, 2013 Ford F-450; Number 3897, 2017 Dodge Ram 2500; and number 8110, 2018 Dodge Ram 1500) were damaged and had vehicle parts stolen off of the vehicles. In particular, catalytic converters and other exhaust and emissions parts were cut and stolen from the 2017 Dodge Ram 2500 and 2018 Dodge Ram 1500. Additionally, drivetrain components were also damaged on the 2018 Dodge Ram 1500, and the 2013 Ford F-450 sustained damage to the exhaust pipes near its catalytic converter. A FS toolbox sitting outside the fence was also stolen at the same time.

6. The FS has had to spend $3,018.25 to repair the damage caused and replace the parts stolen off the Dodge Ram 2500, $1,893.20 to repair the damage caused

and replace the parts stolen off the Dodge Ram 1500, and $610.29 to repair the Ford F-450. The FS has also received an estimate of $3,626.13 to repair the damage the break-in caused to the fence. The stolen toolbox was worth approximately $50.00. Total losses for the tool box and the parts that were stolen from the vehicles, as well as the damage caused to FS property by these crimes is approximately $9,147.87.

7. A review of two separate exterior video surveillance images of the fenced area showed that on April 8, 2020, at approximately 12:32AM, a white minivan entered a parking lot adjacent to the fenced area and backed into a parking space. At approximately 12:34AM, one person exited the driver's side of the vehicle. At approximately 12:35AM, subject one, believed to be positively identified as the defendant, Cunningham, is seen cutting and entering the fenced area. At approximately 12:40AM, subject two, known only as either "Rambo" or "Q-Ball," entered the fence area through the hole cut in the fence. At approximately 12:43AM, subject three, known as either "Rambo" or "Q-Ball," also entered the fence area through the hole cut in the fence. From the time these persons entered the fenced area, they were seen near the damaged vehicles and out of view on the video on the ground under the damaged vehicles. At approximately 12:54AM, all three subjects were seen leaving the fenced area.

8. On April 9, 2020, FS Patrol Captain Foote, found a pill bottle on the ground next to the Dodge Ram 2500 on the passenger side, about halfway down the vehicle, near where someone would have laid under it to cut off the catalytic converter.

3

The pill bottle had the name Jason Cunningham on it. It was dated April 2, 2020 and contained Naloxone pills. Naloxone pills are used to reverse the effects or treat opioid overdoses.

9. On April 24, 2020, Cunningham was arrested by local law enforcement for an outstanding warrant for local crimes. Cunningham said he wanted to speak to law enforcement, and was subsequently interviewed by myself and other law enforcement officers. He was advised of his Miranda Rights, acknowledged that he understood those rights, and voluntarily waived them, providing both written and oral statements to law enforcement.

10. In a written statement, Cunningham explained that he had met "Rambo" and "Q-Ball" at "Casey's," a drug house, earlier that same day and was paid by them to drive them to the Wayne National Forest lot to break-in to the lot and cut-off and steal catalytic converters off of FS vehicles.

11. In an oral interview he repeated his written statement and further admitted that the pill bottle, as described in paragraph eight, belonged to him and was stolen by "Q-Ball" after they met at "Casey's" house. Cunningham indicated that he believed the bottle fell out under one of the FS trucks that had its catalytic converter cut off. Cunningham further explained that after meeting at Casey's, "Rambo" and "Q-Ball" told him they knew where there were converters they could cut off, and that after Cunningham drove them to the Wayne National Forest, "Rambo" and "Q-Ball" cut the fence and converters off of the trucks and carried them into the vehicle Cunningham

4

was driving. For his participation in the break-in and theft, Cunningham received some heroin from "Rambo" or "Q-Ball." Cunningham also stated that "Q-Ball" took the toolbox, as described in paragraph five and said he saw the toolbox and catalytic converters being placed inside his/Cunningham's vehicle that he drove.

## Conclusion

12.   I submit that this affidavit supports probable cause for an arrest warrant and complaint charging Cunningham with violations of 18 U.S.C. §641 (Theft or Conversion of Public Money, Property or Records).

## Request for Sealing

13.   It is respectfully requested that this Court issue an order sealing, until further order of the Court, the affidavit, complaint, and arrest warrant in this case. I believe that sealing these documents is necessary because they are relevant to an ongoing investigation and not all of the subjects of this investigation will be apprehended at this time. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits, search warrants, and other information related to law enforcement activity via the internet and disseminate it to other criminals. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

/s/ Ivan R. Casilli
Ivan R. Casilli
U.S. Forest Service Special Agent

Subscribed and sworn to before me
on April 29, 2020

Honorable Elizabeth A. Preston Deevers
United States Magistrate Judge